IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Anthony Tyrone Kelly, #245916, | ) | C.A. No. 8:05-454-TLW-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Colie L. Rushton, Warden of McCormick | ) | |
| Correctional Institution; and Henry McMaster, | ) | |
| Attorney General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |
| _____ | ) | |

The *pro se* petitioner, an inmate at the South Carolina Department of Corrections, seeks *habeas corpus* relief under Title 28, United States Code, Section 2254. (Doc. # 1). The respondents filed a motion for summary judgment on May 16, 2005. (Doc. # 11). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised by Order filed May 19, 2005 that he had thirty-four (34) days to file any material in opposition to the motion for summary judgement. (Doc. # 12). Petitioner filed his response to the respondents' motion for summary judgment on June 21, 2005. (Doc. # 13).

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Bruce H. Hendricks, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2) (D.S.C.). In her Report, Magistrate Judge Hendricks recommends that the respondents' motion for summary judgment be granted. (Doc. # 14). Petitioner has filed objections to the Report. (Doc. # 15).

1

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report. With regards to the cross-examination issue raised, defendants initially argue, as the Report ultimately finds, that this claim is procedurally barred. This Court agrees. However, this Court notes that in defendants' return and memorandum of law in support of its motion for summary judgment, defendants also assert that in the event there was error, it was harmless. After a careful review of the transcripts of all proceedings below, the memoranda submitted and cases cited therein, and the objections filed, this Court finds no basis to conclude otherwise. In this case, the petitioner admitted to shooting the victim, and it was established in the record that there was a prior altercation between the two individuals. The witness in question, James Mayes was cross-examined on certain forgery convictions (breach of trust and forgery) to which he pled guilty and received probation, such that his credibility was brought into question before the jury. Additionally, as is established in the trial transcript, much of Mayes testimony was cumulative and corroborated by other witnesses to the shooting. Finally, although Mayes did testify that petitioner pointed the gun at him and that he fell to his knees, testimony from Alvin Hopper also indicated that Mayes was "ducking behind the car." Accordingly, this Court concludes that to the

extent there was error was committed, it was harmless.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** (Doc. # 14), petitioner's objections are **OVERRULED** (Doc. # 15); and respondents' motion for summary judgment is **GRANTED** (Doc. # 11) and this petition is **DISMISSED**.

**IT IS SO ORDERED.**

s/ Terry L. Wooten
**TERRY L. WOOTEN**
**UNITED STATES DISTRICT JUDGE**

March 16, 2006
Florence, South Carolina