IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | | |
|---|---|---|
| Anthony Tyrone Kelly, #245916, | ) | C.A. No. 8:05-454-TLW-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| South Carolina Department of Corrections; | ) | |
| Colie L. Rushton, Warden of McCormick | ) | |
| Correctional Institution; and Henry McMaster, | ) | |
| Attorney General of the State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

This matter is before the court on Petitioner's pro se "Motion for Relief from Judgment under Rule 60(b)(6) F.R.C.V.P. 28 U.S.C.A" (Doc. # 20). His motion indicates in relevant part as follows:

Petitioner now states that the Order of dismissal did not adequately, effectively and meaningfully address the claims of ineffective assistance of trial and appellate counsel namely:
1) Counsel's conduct at trial was so egregious as to be ineffective that counsel failed to use or present important testimonal [sic] evidence at trial;
2) The Court gave a defective reasonable doubt instruction to the jury, in violation of Petitioner's Fifth and Sixth Amendment Constitutional rights;
3) Counsel was ineffective in requesting for an instruction to the offensive [sic] of involuntary manslaughter;
4) The filing of petitioner's Anders brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) denied Petitioner the effective assistance of appellate counsel where the state supreme court adopted unconstitutional procedures which substantially differed from that described in Anders v. California where the underlying goal of adequate, effective, and meaningful appellate review by the Fourteenth Amendment was not met.
5) Further, the fundamental fairness of the appellate process as established in Anders v. California requires that Petitioner receive more than nominal representation from

1

counsel effectively denied Petitioner the federal constitutional right to the effective assistance of appellate counsel.

Petitioner's motion was filed on January 27, 2010. The Respondents have filed a response in opposition to Petitioner's motion. In Respondents' response, they assert initially that the motion is properly construed as an application to file a successive habeas which should be dismissed for want of jurisdiction. This Court agrees.

*Pro se* pleadings must be classified in accordance with their contents, without regard to their captions. Prisoners are not allowed to circumvent limitations of successive collateral attack applications by attaching various different labels to the documents. See United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003) (analyzing habeas petitioner's post-judgment motion under Rule 60(b) since it was untimely under Rule 59(e)). Along these lines, the Fourth Circuit has held that "district courts *must* treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" Winestock, 340 F.3d at 206. The question thus becomes whether Petitioner's motion is a proper Rule 60(b) motion or is a "successive application in 60(b)'s clothing". Id. at 207 (quoting Lazo v. United States, 314 F.3d 571 (11th Cir. 2002). In making the determination of whether a motion is proper under Rule 60(b), the Fourth Circuit has noted:

> [A] relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications. Similarly, new legal arguments or proffers of additional evidence will usually signify that the prisoner is not

> seeking relief under Rule 60(b) but is instead continuing his collateral attack on his conviction or sentence.

Winestock, 340 F.3d at 207.

Here, Petitioner's instant motion appears to be within the ambit of successive applications as opposed to Rule 60(b) motions. As the respondent asserts, the motion attempts to relitigate and reargue with additional supporting legal bases the issue already rejected by this Court and the Magistrate Judge in the Report and Recommendation – whether he received ineffective assistance of counsel, and whether the judge gave a defective reasonable doubt instruction. This is the type of "new legal arguments" referred to in Winestock. See Eberhardt v. Integrated Design and Constr., Inc., 167 F.3d 861, 870 (4th Cir. 1999). (Rule 60(b) does not authorize mere reconsideration of a legal issue) (cited in Winestock, 340 F.3d at 207). Accordingly, the Court concludes that the issues in the motion are not proper for Rule 60(b) relief, but instead are best construed as a successive petition. Thus, this Court may not consider the merits of Petitioner's claims in his "motion to reconsider" because he failed to certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court and the motion should be **DISMISSED** for lack of jurisdiction by this Court. See Winestock, 340 F.3d at 208 (district court should have treated motion as successive application, where in his post-judgment motion the petitioner contended that the district court erred in rejecting his claims, and that he had recently discovered evidence to support a new claim of ineffective assistance of counsel).[1]

---

[1] In the alternative, the Court notes that if it were to consider this motion as a Rule 60(b) motion, the Court would deny the motion as untimely. Petitioner indicates that his motion is made pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure which provides in relevant part that "on motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: ...any other reason that justifies relief. Rule 60(b)(c) states that a motion under Rule 60(b) must be made

**IT IS SO ORDERED.**

                                         s/ Terry L. Wooten
                                         **TERRY L. WOOTEN**
                                      **UNITED STATES DISTRICT JUDGE**

February 22, 2010
Florence, South Carolina

---

within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding. Defendant's almost four-year delay in filing this motion is not within the "reasonable time" contemplated by Fed.R.Civ.P. 60(c)(1). See McLawhorn v. John W. Daniel & Co., Inc., 924 F.2d 535 (4th Cir.1991) (affirming district court decision that three month delay between judgment and Rule 60(b) motion not reasonable); Wadley v. Equifax Information Services, LLC, 296 Fed. Appx. 366, 368 (4th Cir.2008) (affirming district court's determination that two-year delay in filing Rule 60(b) motion not reasonable); Sorbo v. United Parcel Serv., 432 F.3d 1169, 1178 (10th Cir.2005) (upholding district court's determination that unexplained one-year delay between judgment and Rule 60(b) motion was not reasonable). Therefore, if the Court were to consider Defendant's motion under Rule 60(b)(6), it would be **DENIED** as untimely.